## GROVE TRIANGLE, INC. ET AL. *v.* MAYOR AND CITY COUNCIL OF LAUREL

[No. 487, September Term, 1970.]

*Decided June 29, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Carlton M. Green* and *Audrey E. Melbourne,* with whom were *Melbourne & Goldman* on the brief, for appellants.

*James C. Chapin* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appellants, Grove Triangle, Inc. and Walter L. Green, filed zoning map amendment applications for re-classification of their respective adjoining properties in Laurel from residential (R-20) to commercial (C-2). The Laurel Planning Commission recommended denial of the application, and the Mayor and City Council after hearing testimony followed the recommendation and

denied both requests. Judge Loveless, sitting in the Circuit Court for Prince George's County, affirmed the City, rejecting the applicants' claims that the refusals were arbitrary and capricious and that their effect amounted to confiscation of the properties. In our view Judge Loveless accurately appraised the facts before the Mayor and City Council and reached the correct legal result. We deem it appropriate to adopt his opinion as the opinion of this Court in this case, as follows:

"On October 26, 1970 there was a hearing in Open Court on the petition for zoning appeal. The case was taken under advisement.

"Plaintiffs Grove Triangle, Inc. and Walter L. Green timely filed their applications No. 109 and No. 110 for a zoning map amendment in the City of Laurel. Plaintiffs' properties adjoin and have been zoned R-20 since the original zoning on October 22, 1962.

"On March 13, 1970, the Laurel Planning Commission reviewed the applications and recommended denial of them. On May 4, 1970, the Plaintiffs submitted evidence to the Mayor and City Council of Laurel that sufficient conditions surrounding the subject property had occurred to justify their request. In the alternative, the plaintiffs urged that the original zoning of the subject properties as R-20 was a mistake.

"Upon denial of the plaintiffs' map amendment applications by the Mayor and City Council, plaintiffs sought an appeal to this Court.

"Plaintiffs' contentions on appeal were essentially that:

1. The Mayor and City Council of Laurel had arbitrarily and capriciously refused to consider the clear and obvious nature of the surrounding properties in denying the applications; and

2. That the decision of the Mayor and City Council was against the weight of the competent, material, and substantial evidence in view of the entire record, and was unsupported by the entire record.

"The Mayor and City Council answered and stated that their decision to dismiss the applications had neither been arbitrary, capricious, nor against the weight of the evidence as presented by the entire record.

"In the similar case of *Board v. Meltzer,* 239 Md. 144, the plaintiffs sought review of the zoning authority's denial of their application for reclassification of a parcel of land owned by them. The Court stated at pg. 153, 'Our question then, as we see it, is whether a reasoning mind could reasonably have reached, after a fair consideration of the entire record, the conclusion that the Council did, or, in other words, was its action clearly erroneous and therefore not fairly debatable.' It has often been said that when action as taken by the zoning board is reasonably and fairly debatable, courts have no authority to overturn that action by substituting their judgment for that of the board. *Reese v. Mandel,* 224 Md. 121, at pg. 129.

"Plaintiffs contend that if it were held that there were no mistakes in the original zoning, then it should be considered that there were factors in combination which demonstrated the need to rezone the subject property from R-20 to C-2. Among the factors alleged are:

1. The change in the character of roads adjacent to the subject property. The property fronts on Route 198 westbound which is under widening construction and which will connect with a cloverleaf interchange, also under construction, at I-95, just .6 mile west of the subject properties. Further, that there exists increased traffic loads on the roads, and that 9th Street is being extended to connect with Route 198.

2. There are existing commercial activities in close proximity to the subject properties, i.e., a Shell service station, a 7-11 Store, and a public library.

3. There is neighborhood deterioration and declining residential occupancy to the north of subject property, and disrepair, deterioration, burning and boarding up of dwellings.

4. That as a result of the State Roads taking land for Rte. 198, the subject lots were left in a straw and triangle shape which makes them impossible to develop under separate ownership.

"Reference to the zoning map of Laurel submitted as an exhibit shows that there is indeed a gas station located across from the subject lots. However, the station is located on a roughly triangularly-shaped highway median strip. The 7-11 Store is located adjacent to the station and to the east of it. Plaintiffs' properties, zoned R-20, are bounded by other R-20 property to the north and west. Across Rte. 198 the land is zoned R-18. We note that it is generally presumed that a zoning regulation is in the interest of the community as a whole. *Kahl, et al, Commissioners v. Consolidated Gas, Electric Light, and Power Co.,* 191 Md. 249, at pg. 257.

"While it is generally true that major changes in highways within areas primarily residential, and abandonment and destruction of homes within a residential area may contribute to form a basis to justify the rezoning of certain property, the Mayor and City Council of Laurel apparently did not view the alleged changes as being sufficient to justify rezoning in this instance. The fact that some of the nearby residences are in a state of disrepair and fall short of 100% occupancy does not mean that plaintiffs' property cannot be used at all for residential purposes. This is notwithstanding the expert testimony which indicates that to develop the subject property residentially might result in an unsafe condition because the property borders on Rte. 198. In other words, the zoning board's denial of plaintiffs' applications for reclassification from residential to commercial does not operate to deprive plaintiffs of all reasonable use of the subject property as zoned, i.e., the property is capable of residential usage. In the recent case of *Spaid v. Board of County Commissioners for Prince George's County,* 259 Md. 369, 385, the Court said, 'It is an unusual case in which this Court must find that the existing zoning

does deprive the property owners of any reasonable use of their property and that the legislative body's action is arbitrary, unreasonable and capricious and results in a taking of property without due process or for a public use without the payment of just compensation. . .'

"The court is of the opinion that, based on the entire record, the action taken by the zoning authority in denying plaintiffs' applications for reclassification meets the test set forth in the *Meltzer* case, *supra*; i.e., that a reasoning mind could reasonably have reached, after fair consideration of the entire record, the conclusion that the council did. The court feels that the plaintiffs' application for rezoning did involve fairly debatable questions as to whether a change in zone classification would be justified. The court cannot substitute its feeling, if that criterion is met."

*Order affirmed, with costs.*